1            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
2                 WESTERN DIVISION

3                      - - -

4    UNITED STATES OF AMERICA,      :  CASE NO. 1:15-cr-016
                                    :
5                    Plaintiff,     :  Cincinnati, Ohio
                                    :
6           - v -                   :  Wednesday, April 22, 2015
                                    :  10:00 a.m.
7    MINEBEA CO., LTD.,             :  **INITIAL APPEARANCE,**
                                    :  **ARRAIGNMENT, CHANGE OF PLEA**
8                    Defendant.     :  **AND SENTENCING**

9                      - - -

10              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE TIMOTHY S. BLACK, JUDGE
11                     - - -

12   APPEARANCES:

13   For the Plaintiff:   JASON C. TURNER, ESQ.
                          CARLA M. STERN, ESQ.
14                        Department of Justice
                          Antitrust Division
15                        209 S. LaSalle Street, Suite 600
                          Chicago, IL  60604
16

17   For the Defendant:   JAMES W. COOPER, ESQ.
                          WILSON MUDGE, ESQ.
18                        Arnold & Porter LLP
                          555 Twelfth Street, NW
19                        Washington, DC  20004-1206

20   Also Present:        Satomi Nishimuro, Interpreter
                          Hiroharu Katogi, Minebea Representative
21                        Keitaro Kanzaki, Head Legal Department
                          Yasahide Watanabe, New York Legal Department
22                        C.J. Freihofer, FBI

23

24   Courtroom Deputy:  Mary Rogers

25   Court Reporter:    Jodie D. Perkins, RMR, CRR

*Proceedings reported by stenotype.*
*Transcript produced by computer-aided transcription.*

```
 1                MORNING SESSION, Wednesday, April 22, 2015

 2          (Proceedings commenced at 10 o'clock a.m.)

 3          THE COURT:  Good morning, ladies and gentlemen.  Here

 4    in the open courtroom on the record on the criminal docket in

 5    the matter of the United States of America versus Minebea

 6    Company, LTD.  It is my understanding we're here for initial

 7    appearance, arraignment, plea and sentencing.

 8        I would ask that the attorneys enter their appearances for

 9    the record.  Who appears as the attorneys for the United States

10    and who do you have with you?

11          MR. TURNER:  Your Honor, my name is Jason Turner, and

12    with me is my colleague, Carla Stern.  We're both attorneys

13    with the United States Department of Justice in the Antitrust

14    Division, the Chicago field office.  And also at our table is

15    C.J. Freihofer, FBI agent.

16          THE COURT:  Very well.  Good morning to all of you and

17    welcome to Cincinnati.

18        Who appears on behalf of the defendant?

19          MR. COOPER:  Good morning, Your Honor.  James Cooper

20    for Minebea Company, Limited, along with my colleague, Wilson

21    Mudge.

22          THE COURT:  Gentlemen.

23          MR. COOPER:  With us are Mr. Hiroharu Katogi.

24          THE COURT:  Good morning.

25          MR. COOPER:  He's director, senior managing executive
```

3

1   officer, and chief financial officer of Minebea.

2       Also at counsel table is Ms. Satomi Nishimuro, who is

3   acting as the interpreter.

4       And finally, in the courtroom in the gallery, Your Honor,

5   is Keitaro Kanzaki, who is the head of the legal department of

6   Minebea; and Yasahide Watanabe, our co-counsel at the Tokyo law

7   firm of Nagashima Ohno & Tsunewatsu --

8           THE COURT:  Good morning, gentlemen.  Thank you for

9   standing.

10          MR. COOPER:  -- and he's from New York.

11          THE COURT:  He may be seated.

12      Mr. Cooper, in terms of interpretation, you have

13  voluntarily provided an interpreter and the court's not

14  providing that?

15          MR. COOPER:  That's correct, Your Honor.

16          THE COURT:  And just help me.  Your clients speak

17  proficient English?

18          MR. COOPER:  Mr. Katogi has a very strong command of

19  English.  Because this is a formal legal proceeding, he has

20  elected to be assisted by Ms. Nishimuro, who will interpret

21  however the Court prefers, either simultaneously or with

22  interruption.

23          THE COURT:  However you decide.  I'm comfortable with

24  the approach.  I just want to make sure that the gentleman

25  tells me if he does not understand what I'm saying.

1    Do you understand that, sir?

2         THE INTERPRETER:  Yes, Your Honor.

3         THE COURT:  Very well.

4    Well, we'll walk through this and there is no need to rush.

5    It's going to take a little time.  We need to conduct an

6    initial appearance, which is a preliminary matter, an

7    arraignment, which is a formal matter but brief.  I then need

8    to have a colloquy with the representative of the defendant

9    company to be certain that the anticipated plea is voluntarily,

10   knowingly, and intelligently entered with a full understanding

11   of the potential consequences.

12       As to initial arraignment, I would ask that the government

13   state the charge and the potential penalties.

14        MR. TURNER:  Your Honor, the charge is United

15   States -- Title 15 United States Code Section 1, and the

16   potential penalties are a criminal fine of up to $100 million,

17   or twice the gain or twice the loss, whichever is more; and a

18   period of -- pardon me.  And in addition to the fine, the Court

19   may impose a term of probation of at least one year but not

20   more than five years, and of course the $400 special

21   assessment.

22        THE COURT:  And perhaps restitution as appropriate?

23        MR. TURNER:  Yes, Your Honor.

24        THE COURT:  Those are the maximum potential sentences,

25   correct?

```
1              MR. TURNER:  Correct.

2              THE COURT:  That's not what we're dealing with today,

3    but we need to establish it of record; is that right?

4              MR. TURNER:  Yes, Your Honor.

5              THE COURT:  Very well.  So we're as to initial

6    appearance, Counsel.  We have a representative who is the

7    lawful representative of Minebea, correct?

8              MR. COOPER:  Correct, Mr. Katogi.

9              THE COURT:  Mr. Katogi, the company has been charged

10   with conspiracy to restrain trade.  Have you been given a copy,

11   a written copy, of the charges, what the lawyers call an

12   Information?

13             THE INTERPRETER:  Yes, I am aware, Your Honor.

14             THE COURT:  Very well.  And have you had the

15   opportunity to hire attorneys to assist you in every phase of

16   these proceedings?

17             THE INTERPRETER:  Yes, I have, Your Honor.

18             THE COURT:  Very well.  They're present here today,

19   correct?

20             THE INTERPRETER:  That's correct, Your Honor.

21             THE COURT:  Very well.  At this moment you have the

22   constitutional right under the laws of our country to remain

23   silent and not discuss the case.  But as we move forward, I am

24   going to have to have a direct conversation with you and you

25   understand that, correct?
```

1                  THE INTERPRETER:  Yes, I do, Your Honor.

2                  THE COURT:  Very well.

3        I believe that consists of an initial appearance.  The

4   gentleman and his company have been advised of the charge.

5   He's indicated he has a copy of the charging instrument.  He's

6   had an opportunity to retain attorneys who are present with him

7   today and will assist him in every stage of the proceedings.

8        Either side think we need to do more in terms of the

9   initial appearance for the record, from the government's

10  perspective?

11                 MR. TURNER:  No, Your Honor.  That should cover it.

12                 THE COURT:  From the defense?

13                 MR. COOPER:  No, Your Honor.

14                 THE COURT:  Very well.  As to arraignment, it's a

15  brief proceeding but important.  I'm required to ask, again,

16  sir, you have a copy of the charges?

17                 THE INTERPRETER:  Yes, I do, Your Honor.

18                 THE COURT:  You've had time to talk about it fully

19  with your attorneys; is that right?

20                 THE INTERPRETER:  That's right, Your Honor.

21                 THE COURT:  Do you want me to read aloud into the

22  record the entirety of the written charges, per the

23  Information?  Counsel; is that requested?

24                 MR. COOPER:  No, it is not, Your Honor.  We waive

25  reading of the Information.

```
1              THE COURT:  And, sir, is that right?  You don't need
2    me to read the entire charges aloud at this time; is that
3    right?
4              THE INTERPRETER:  That's correct, Your Honor.
5              THE COURT:  Very well.  The final inquiry at
6    arraignment is:  How does the company plead to the charges?
7    Counsel, what is the plea at this time as anticipated?
8              MR. COOPER:  The company pleads not guilty, subject to
9    the colloquy that will follow.  We anticipate changing it, the
10   plea.
11             THE COURT:  Very well.  So at this very moment, we're
12   going to enter a not guilty plea and then you anticipate that
13   we're going to have a change of plea?
14             MR. COOPER:  That's correct, Your Honor.
15             THE COURT:  Do you understand what we're doing, sir?
16             THE INTERPRETER:  Yes, I do, Your Honor.
17             THE COURT:  The Court enters a plea of not guilty upon
18   arraignment.
19        I'm prepared to move to a change of plea hearing, if that's
20   the intention.  Is the government satisfied that we've
21   conducted an arraignment?
22             MR. TURNER:  Yes, Your Honor.
23             THE COURT:  The defense as well?
24             MR. COOPER:  Yes, Your Honor.
25             THE COURT:  Very well.  Well, it is my understanding
```

8

 1   that the company is prepared to take responsibility for the

 2   criminal violation.  Is there a motion to change the plea?

 3           MR. COOPER:  There is, Your Honor.

 4           THE COURT:  And what is that motion?

 5           MR. COOPER:  The defense would request that the Court

 6   conduct a Rule 11 colloquy to permit us to enter a plea of

 7   guilty.

 8           THE COURT:  Very well.  And Counsel, you obviously

 9   have received copy of the Information, correct?

10           MR. COOPER:  Correct.

11           THE COURT:  Discussed it thoroughly with your client?

12           MR. COOPER:  We have, Your Honor.

13           THE COURT:  Very well.  I need to have a direct

14   conversation with you at this time, sir, to make sure you're

15   doing this voluntarily, intelligently and with a full

16   understanding of the consequences.

17      You understand?

18           THE INTERPRETER:  I understand, Your Honor.

19           THE COURT:  Very well.  I need you under oath so your

20   answers to my inquiries are truthful.  Would you raise your

21   right hand as best you're able?

22      (The defendant was sworn by the Court.)

23           THE INTERPRETER:  Yes, I do, Your Honor.

24           THE COURT:  Thank you.

25      You've told me you've seen a copy of the written charges,

1   what the lawyers call the Information.  You've seen the

2   Information and you have read it; is that right?  The charges?

3           THE INTERPRETER:  Yes; yes, I did, Your Honor.

4           THE COURT:  Have you discussed it fully with your

5   lawyers?

6           THE INTERPRETER:  Yes, I did, Your Honor.

7           THE COURT:  Have your lawyers explained the offense

8   against the United States charged in the Information?

9           THE INTERPRETER:  Yes, they did, Your Honor.

10          THE COURT:  And you understand the meaning of the

11  offense charged?

12          THE INTERPRETER:  Yes, I understand, Your Honor.

13          THE COURT:  Very well.  And have you discussed it

14  fully with your lawyers, including any possible defenses you

15  might have, your company might have, at trial?

16          THE INTERPRETER:  Yes, I did, Your Honor.

17          THE COURT:  Very well.  And you know the maximum

18  possible penalty for the offense for which the company is

19  prepared to take responsibility?

20          THE INTERPRETER:  Yes, we do, Your Honor.

21          THE COURT:  This comes to me pursuant to a proposed

22  binding Plea Agreement that, if I were to accept it, would

23  require me to impose a sentence that the parties have agreed

24  upon.

25      You understand that as well, sir?

1          THE INTERPRETER:  Yes, I do understand, Your Honor.

2          THE COURT:  If I accept the plea of guilty, I will be

3    required to sentence the company to pay to the United States a

4    criminal fine of $13.5 million, payable in full before the 15th

5    day after the date of judgment, and a $400 special assessment,

6    no probation, no restitution.

7       You understand that's what I'm being asked to accept?

8          THE INTERPRETER:  I do understand, Your Honor.

9          THE COURT:  Very well.  So you understand that the

10   sentence I'm being asked to impose is less than the maximum

11   possible penalty, right?

12         THE INTERPRETER:  Yes, I do understand, Your Honor.

13         THE COURT:  And I'm required to be certain you know

14   what the maximum potential sentence is, although I do not

15   intend to impose it.  Do you know what the maximum potential

16   sentence is?

17         THE INTERPRETER:  Yes, I do understand, Your Honor.

18         THE COURT:  And what is the maximum penalty?

19         THE INTERPRETER:  The fine of $100 million.

20         THE COURT:  Correct.  That's the essence.  Plus

21   probation, plus restitution, plus the $400 special assessment.

22   I simply want the record to reflect that you know what the

23   maximum sentence is, although I do not intend to impose it.

24      You're authorized on behalf of the company to enter a plea

25   to this criminal charge; is that right, sir?

11

 1              THE INTERPRETER:  That's correct, Your Honor.

 2              THE COURT:  And tell me what your position is with the

 3    company again?

 4              THE INTERPRETER:  I'm a director, senior managing

 5    executive officer, as well as the FO of the company, Your

 6    Honor.

 7              THE COURT:  Very well.  The Court's comfortable with

 8    the fact that this gentleman is authorized to act on behalf of

 9    the company and enter into a Plea Agreement in these

10    proceedings.

11         Whenever anyone, company or individual, proposes to enter a

12    plea of guilty, I'm required to ask of all persons in your

13    circumstances certain required questions.  I am going to ask

14    those now.

15         You understand?

16              THE INTERPRETER:  Yes, I do understand, Your Honor.

17              THE COURT:  These questions are not meant to offend

18    you.  They're simply asked to be certain that you have a clear

19    head this morning and that you're doing this freely and

20    voluntarily.

21         Understood?

22              THE INTERPRETER:  I understand, Your Honor.

23              THE COURT:  I have to ask these questions of any

24    person proposing to enter a plea of guilty.

25         Tell me your full name, sir, please.

```
1              THE INTERPRETER:  My name is Hiroharu Katogi.

2              THE COURT:  Thank you.

3        Forgive me for asking.  How old are you?

4              THE INTERPRETER:  I'm 66 years old.

5              THE COURT:  And how far did you go in education?

6              THE INTERPRETER:  I graduated college, Your Honor.

7              THE COURT:  You're a well-educated man, correct?

8              THE INTERPRETER:  I believe so, Your Honor.

9              THE COURT:  So do I.

10             THE DEFENDANT:  Thank you.

11             THE COURT:  The thrust of my question is:  Can you

12   read and write?

13             THE INTERPRETER:  Yes, I can.

14             THE COURT:  And you've read the charges?

15             THE INTERPRETER:  That's correct.

16             THE COURT:  And you've discussed it fully with your

17   lawyers?

18             THE INTERPRETER:  Yes, I did.

19             THE COURT:  Forgive me, but have you ever been treated

20   for any mental illness?

21             THE INTERPRETER:  No, I have not, Your Honor.

22             THE COURT:  Did you preface my question with "forgive

23   me"?  Did you repeat my "forgive me"?

24             THE INTERPRETER:  Yes, I did.  I did.

25             THE COURT:  Very well.  Forgive me again.  Have you
```

1    taken or are you currently under the influence of any narcotic,

2    drugs, medicine, pills or have you consumed excessive alcoholic

3    beverages in the past 24 hours?

4              THE INTERPRETER:  No, I have not, Your Honor.

5              THE COURT:  You have a clear head this morning?

6              THE INTERPRETER:  Yes, that's correct.

7              THE COURT:  You understand what we're doing?

8              THE INTERPRETER:  Yes, I do understand.

9              THE COURT:  What are we doing?

10             THE INTERPRETER:  I am going through a legal

11   procedure.

12             THE COURT:  And on behalf of the company, what are you

13   going to do this morning?

14             THE INTERPRETER:  I am going to enter a plea of guilty

15   today.

16             THE COURT:  Correct.  The company's going to take

17   responsibility for its criminal conduct, correct?

18             THE INTERPRETER:  That's correct, Your Honor.

19             THE COURT:  Very well.  I'm required to ask.

20        I'm required to ask at this time of counsel in these

21   circumstances:  Do you have any doubt as to the competency of

22   the representative to enter a plea on behalf of the company at

23   this time?

24             MR. COOPER:  I do not.

25             THE COURT:  Very well.  And the Court does not either.

1    The company has fundamental rights under the United States

2    Constitution and the laws of the United States that all persons

3    are afforded.  I'm sure your lawyers have talked to you about

4    these rights.  I'm going to run through them because, if the

5    company pleads guilty today, it is going to give up these

6    rights.

7        You understand?

8            THE INTERPRETER:  Yes, I do understand, Your Honor.

9            THE COURT:  Number one, you understand that the

10   company has the right to plead not guilty and to be tried

11   before a jury in a public and speedy trial, correct?

12           THE INTERPRETER:  Yes, I understand, Your Honor.

13           THE COURT:  And you understand at trial the company

14   would be represented by the attorneys present today before,

15   during, and after every critical stage?

16           THE INTERPRETER:  I understand, Your Honor.

17           THE COURT:  And you understand at trial your lawyers

18   would have the opportunity to ask questions of the witnesses

19   against the company, to cross-examine them?

20           THE INTERPRETER:  I understand, Your Honor.

21           THE COURT:  And you understand at trial your lawyers

22   would have the ability to get court orders issued requiring

23   people to come to court to testify on behalf of the company?

24           THE INTERPRETER:  Yes, I understand, Your Honor.

25           THE COURT:  You understand at trial the corporation

1  could choose to present no witnesses and the jury could not

2  hold that against the company, correct?

3          THE INTERPRETER:  I understand, Your Honor.

4          THE COURT:  You understand the company could present

5  witnesses in its defense at trial if it wanted to, right?

6          THE INTERPRETER:  Yes, I do understand, Your Honor.

7          THE COURT:  And you understand the company is presumed

8  innocent -- would be presumed innocent until such time, if

9  ever, that the government proved the company's guilt beyond a

10  reasonable doubt by competent evidence, right?

11          THE INTERPRETER:  Yes, I understand, Your Honor.

12          THE COURT:  And you understand if you enter a plea of

13  guilty on behalf of the company today, all those rights we just

14  talked about the company is going to give up, correct?

15          THE INTERPRETER:  I do understand, Your Honor.

16          THE COURT:  You understand there will be no trial?

17          THE INTERPRETER:  I understand, Your Honor.

18          THE COURT:  You're going to plead guilty on behalf of

19  the company today and I'm going to impose penalty, sentence,

20  today, correct?

21          THE INTERPRETER:  That's correct, Your Honor.

22          THE COURT:  So no trial, right?

23          THE INTERPRETER:  That's right, Your Honor.

24          THE COURT:  The company is prepared to admit its

25  criminal conduct, correct?

1          THE INTERPRETER:  That's correct, Your Honor.

2          THE COURT:  Very well.  If I accept the plea of guilty

3    and we move to sentence, I am going to have to determine

4    whether the proposed sentence is sufficient, but not greater

5    than necessary.

6       You understand that?

7          THE INTERPRETER:  I understand, Your Honor.

8          THE COURT:  Very well.  In determining whether the

9    proposed sentence is sufficient, but not greater than

10   necessary, I'm going to be required to consider a number of

11   factors.

12      I'm going to be required to consider, one, the nature and

13   circumstances of the offense.

14      Number two, the history and characteristics of the company.

15      Number three, the kinds of sentences available.

16      Number four, the sentencing range proposed by the

17   nonbinding Sentencing Guidelines of the United States

18   Sentencing Commission.

19      I'm going to be required to consider any policy statements

20   of the Sentencing Commission.

21      I'm going to be required to make certain that my sentence

22   does not provide for unwarranted sentencing differences among

23   defendants with similar records found guilty of similar

24   conduct.

25      I'm going to need to consider the need for restitution and

17

 1   how it might be afforded.

 2       Basically, the nature of the offense, the history and

 3   character of the company, and the needs of the public and any

 4   victims of the crime.

 5       You understand I am going to consider all of those factors,

 6   correct?

 7               THE INTERPRETER:  I understood, Your Honor.

 8               THE COURT:  Very well.  One of those factors that does

 9   not control my decision is what the United States Sentencing

10   Commission's Guidelines suggest as a sentence.  You've had an

11   opportunity to talk to your lawyers about how the guidelines

12   might apply to this case?

13               THE INTERPRETER:  Yes, I did, Your Honor.

14               THE COURT:  Very well.  We'll get into the specifics

15   of those at the time of sentence.

16       The representative indicates he's talked with his lawyers

17   about how the guidelines, nonbinding, might affect sentence in

18   this case.

19       We have a written Plea Agreement here, as we typically do

20   in all cases.  I would like to review the written Plea

21   Agreement with the representative, counsel, and the government

22   to make certain we're all on the same page.

23       Mr. Cooper, could you be certain that the representative

24   has the written Plea Agreement before him and that someone

25   draws his attention to it as we walk through it?

18

```
1              MR. COOPER:  We will, Your Honor.
2              THE COURT:  Very well.  I'm inclined to put the
3    prosecutor to the burden of establishing the gist of the
4    written Plea Agreement on the record.  I would propose that we
5    do it paragraph by paragraph and you state the gist.  The gist
6    is all capitals, G-I-S-T.
7              MR. TURNER:  All right, Your Honor.
8              THE COURT:  But as you begin, would you give a
9    summary, concise overview, of what the proposed binding Plea
10   Agreement is that the parties are asking the Court to apply?
11             MR. TURNER:  Well, Your Honor, basically the Plea
12   Agreement -- in the Plea Agreement, the defendant admits to the
13   illegal conduct alleged and agrees to cooperate with the
14   government in this case and any further cases that might arise,
15   and ultimately agrees to pay a fine of $13.5 million.
16             THE COURT:  Very well.  Were you able to state that to
17   the representative?  Or did he understand?
18             THE INTERPRETER:  I explained to the representative
19   that the prosecutor is going to summarize the contents of the
20   Plea Agreement.
21             THE COURT:  Very well.  Did you understand that you
22   were going to be put to this ardent task of interpreting,
23   ma'am?  Did you have any idea you were going to be required to
24   interpret as extensively as you are?
25             THE INTERPRETER:  Yes.
```

1          THE COURT:  You're doing wonderful work, and the Court

2     appreciates it.

3          THE INTERPRETER:  Thank you, Your Honor.

4          THE COURT:  What does Paragraph 1 -- what is the gist

5     of Paragraph 1 entitled Rights of Defendant, Mr. Prosecutor?

6          MR. TURNER:  Paragraph 1 covers all of the rights of

7     the defendant corporation, Your Honor.  Substantially, the same

8     information you've already provided.

9          THE COURT:  Very well.  What is the gist of Paragraph

10    2?

11         MR. TURNER:  Paragraph 2, the defendant agrees to

12    waive all of those rights set forth in Paragraph 1 except for

13    the right to be represented by counsel, and also the defendant

14    waives any venue argument.

15         THE COURT:  Very well.  Does it include an appellate

16    waiver?

17         MR. TURNER:  Yes, Your Honor.

18         THE COURT:  What does the appellate waiver provide in

19    the second sentence?

20         MR. TURNER:  That the defendant waives the right to

21    file an appeal or any collateral attack or any writ or motion

22    that challenges the sentence.

23         THE COURT:  Very well.

24       What is the gist of Paragraph 3?

25         MR. TURNER:  Paragraph 3, the defendant agrees to

1   plead guilty to the charge and to make an actual admission of

2   guilt in court.

3            THE COURT:  Very well.  Paragraph 4 is more than a

4   page.  It states the factual basis for the offense charged.

5   Could you state it exceedingly concisely?

6            MR. TURNER:  I will attempt to do so, Your Honor.

7   Basically, the gist of Paragraph 4 is that representatives of

8   the defendant company met with representatives of the competing

9   company, and they ultimately agreed to fix prices for their

10  small-sized ball bearings.  And eventually -- this agreement

11  was reached in Japan, but eventually the agreement was extended

12  to include small-sized ball bearings sold in this country.

13           MR. COOPER:  Your Honor, as to that point, I would

14  just clarify.  As the Plea Agreement states, all of the conduct

15  occurred in Japan.  The company caused the sale of products

16  that were fixed by the cartel agreement to be sold in the

17  United States, but there was no cartel conduct in the United

18  States.

19           THE COURT:  Very well.  The government agrees?

20           MR. TURNER:  Yes, Your Honor.

21           THE COURT:  Very well.  Sir, you've read this Plea

22  Agreement?

23           THE INTERPRETER:  Yes, I did, Your Honor.

24           THE COURT:  You've read Paragraph 4?

25           THE INTERPRETER:  Yes, I did, Your Honor.

1    THE COURT:  Is what's stated in Paragraph 4 correct?

2    THE INTERPRETER:  It is correct, Your Honor.

3    THE COURT:  Is it in any way incorrect?

4    THE INTERPRETER:  I read over and over again, and I

5 can say that it is correct, Your Honor.

6    THE COURT:  Very well.  What does Paragraph 5 provide,

7 Mr. Prosecutor?

8    MR. TURNER:  Paragraph 5 describes the elements of the

9 charged offense, and those elements are:  That the conspiracy

10 described in the Information existed; that the defendant

11 knowingly became a member of the conspiracy; and that the

12 conspiracy in question substantially affected interstate

13 commerce and goods or services or occurred within the flow of

14 interstate commerce in goods and services.

15    THE COURT:  Very well.  What is the gist of

16 Paragraph 6?

17    MR. TURNER:  Paragraph 6 is the maximum sentence for

18 the charged crime, Your Honor, which I already covered at your

19 request earlier.

20    THE COURT:  Very well.  What is the gist of

21 Paragraph 8?

22    MR. TURNER:  Paragraph 8 describes the relationship of

23 the U.S. Sentencing Guidelines to the instant proceedings, Your

24 Honor.  It makes clear, though, that these guidelines are

25 merely advisory and not mandatory, and also that the Court must

1   consider the Section 3553(a) factors in arriving at a sentence.

2          THE COURT:  Very well.  As to Paragraph 9, what is the

3   gist of the first paragraph before we get to the (a), (b), (c),

4   et cetera?

5          MR. TURNER:  The gist of the first part of the

6   paragraph, Your Honor, is that the defendant corporation agrees

7   to plead guilty to the charge pursuant to Rule 11(c)(1)(C) and

8   agrees to pay a criminal fine of $13.5 million within 15 days

9   of the judgment.

10         THE COURT:  Very well.

11         MR. TURNER:  That paragraph also makes clear there are

12  no factors not considered by the Sentencing Guidelines at play

13  here.

14         THE COURT:  Very well.  Paragraph 9 (a) through (d)

15  provides a calculation of the guidelines; is that right?

16         MR. TURNER:  Yes, Your Honor.

17         THE COURT:  As to the guideline fine range, what is

18  the base fine, pursuant to (a)(i)?

19         MR. TURNER:  The base fine is $8.2 million, which is

20  20 percent of $41 million, the amount of the affected commerce

21  in this matter.

22         THE COURT:  And what is defendant's culpability score,

23  pursuant to Section 8C2.5?

24         MR. TURNER:  That score is 8, Your Honor.

25         THE COURT:  And how is that derived?

1              MR. TURNER:  You begin with the base score of 5; and

2     then given that the defendant employs more than 5,000 employees

3     and also that high-level personnel of the defendant

4     participated in the crime, you add five points to that, for a

5     total of 10.  But then two are subtracted because of

6     self-reporting, and that leads us to a final culpability score

7     of 8.

8              THE COURT:  And with that culpability score, what are

9     the minimum and maximum multipliers to derive a proposed fine?

10             MR. TURNER:  1.6 is the minimum to 3.2 being the

11    maximum.

12             THE COURT:  And what number penalty does the

13    multiplier 1.6 give rise to?

14             MR. TURNER:  It gives rise to approximately

15    $13.12 million.

16             THE COURT:  And what does the multiplier of 3.2 give

17    rise to?

18             MR. TURNER:  Approximately $26.24 million.

19             THE COURT:  And the proposed sentence, if I were to

20    accept it, would call for a fine of 13.5 million; is that

21    right?

22             MR. TURNER:  Yes, Your Honor.

23             THE COURT:  So that is within the guideline?

24             MR. TURNER:  Yes, Your Honor.

25             THE COURT:  But at the lower end?

1          MR. TURNER:  That's correct.

2          THE COURT:  Very well.  And pursuant to Section 9(b),

3  there's an agreement that the company will pay the $400 special

4  assessment, correct?

5          MR. TURNER:  Correct, Your Honor.

6          THE COURT:  Pursuant to 9(c), there is a recitation

7  that restitution is not mandatory.  And in light of the

8  availability of civil causes of action, the recommended

9  sentence does not include a restitution order, correct?

10          MR. TURNER:  Correct, Your Honor.

11          THE COURT:  And pursuant to 9(d), both parties

12  recommend that no term of probation be imposed, correct?

13          MR. TURNER:  Correct, Your Honor.

14          THE COURT:  Very well.  What is the gist of

15  Paragraph 10?

16          MR. TURNER:  Paragraph 10 states that so long as the

17  defendant cooperates and continues to cooperate prior to

18  sentencing, that the United States will advise this Court of

19  the defendant's cooperation.

20          THE COURT:  And are you at a point to indicate that

21  the defendant has cooperated pursuant to the Plea Agreement?

22          MR. TURNER:  Yes, Your Honor.  We have no issue with

23  the defendant's cooperation.  We believe they have cooperated

24  fully.

25          THE COURT:  And the Plea Agreement includes a promise

1    to continue to cooperate, correct?

2            MR. TURNER:  Yes, Your Honor.

3            THE COURT:  And as to -- what is the gist of

4    Paragraph 11?

5            MR. TURNER:  Paragraph 11 states --

6            THE COURT:  Would the gist be that this judge retains

7    complete discretion to accept or reject the proposed

8    recommended sentence?

9            MR. TURNER:  Yes, Your Honor.

10           THE COURT:  And if I were to reject it, the company

11   has the opportunity to re-enter its plea of not guilty without

12   repercussion; is that right?

13           MR. TURNER:  Yes, Your Honor.

14           THE COURT:  And that's reflected in Paragraph 12 -- or

15   11?

16           MR. TURNER:  Yes, sir.

17           THE COURT:  Very well.  Paragraph 12, on page eight,

18   the gist of it is that the company will cooperate fully and

19   truthfully with the United States, both to this date and going

20   forward.  Is that accurate?

21           MR. TURNER:  Yes, Your Honor.

22           THE COURT:  What's the gist of 12(b)?  There are two

23   individuals listed and it's an attachment.

24           MR. TURNER:  Well, 12(b) makes clear that the

25   defendant's cooperation is to be made through the offices of

1    its employees, except for the two individuals listed in the

2    Attachment A, who have been excluded from the protections of

3    the Plea Agreement; thus, they are also excluded from the

4    requirements of cooperation.

5            THE COURT:  Very well.  And the gist of Paragraph 13

6    is a further definition of what constitutes full, truthful, and

7    continuing cooperation?

8            MR. TURNER:  That's right, Your Honor.

9            THE COURT:  Paragraph 14 talks of the government's

10   agreement?

11           MR. TURNER:  Correct, Your Honor.  We, the government,

12   agree that subject to the defendant's continuing cooperation

13   that we will not bring any further charges related to the

14   conduct here at issue.

15           THE COURT:  Very well.  That's reflected in 14 and 15,

16   correct?

17           MR. TURNER:  Yes, Your Honor.

18           THE COURT:  Fifteen provides, at Sections (c) and (e),

19   among other places, that if the defense fails to comply fully

20   with its obligations, then the agreement as to no further

21   prosecution would be voided.

22       Is that accurate?

23           MR. TURNER:  That's accurate, Your Honor.

24           THE COURT:  Section -- go ahead.

25           MR. COOPER:  If I may be heard, Your Honor.

1    Your Honor, I would just want to add to the government's

2    promises that the government promises not to prosecute any

3    current officers, directors or employees as well, not just the

4    company.

5         THE COURT:  And is that the agreement of the

6    government?

7         MR. TURNER:  Yes, Your Honor.

8         THE COURT:  And is it reflected in the written Plea

9    Agreement?

10        MR. TURNER:  Yes, Your Honor.

11        THE COURT:  Very well.  As to 15 (f), it's clear that

12   this Plea Agreement doesn't apply to civil cases of any kind;

13   is that right?

14        MR. TURNER:  Yes, Your Honor.  And it also makes clear

15   that any obstruction by the defendant is also not covered.

16        THE COURT:  Very well.  Paragraph 16, the gist

17   provides that if an employee or representative of the company

18   cooperates by coming to this country to engage in proceedings,

19   the United States will take no action to arrest, detain, serve,

20   process, or to prevent such person from leaving the United

21   States.

22    Is that right?

23        MR. TURNER:  That's correct, Your Honor.

24        THE COURT:  Provided there's no violation of law,

25   i.e., perjury or the like, correct?

1          MR. TURNER:  Correct.

2          THE COURT:  The gist of Paragraph 17 is that the

3    company has been represented by counsel and is fully satisfied

4    that its attorneys have presented competent legal

5    representation, correct?

6          MR. TURNER:  Correct, Your Honor.

7          THE COURT:  The gist of Paragraph 18 is that the

8    defendant's decision to enter into this Plea Agreement and to

9    tender a plea of guilty is freely and voluntarily made, not the

10   result of force, threats, assurances, promises or

11   representations other than the representations contained in the

12   Plea Agreement and its attachments, correct?

13         MR. TURNER:  Correct, Your Honor.

14         THE COURT:  And the United States has made no promise

15   to the defendant whether this judge will accept or reject the

16   recommendation in the Plea Agreement, correct?

17         MR. TURNER:  Correct, Your Honor.

18         THE COURT:  And the gist of Paragraph 19, Violation of

19   the Plea Agreement, if the Plea Agreement is violated, the

20   promises mutually extended will no longer hold true.

21      Is that the gist or do you wish to restate it?

22         MR. TURNER:  That's the gist, Your Honor.  It

23   describes the procedure to cancel the Plea Agreement and the

24   conditions that would be required for the government to do so.

25         THE COURT:  Very well.  The gist of Paragraph 21 is

29

1  that this written Plea Agreement is the entire agreement,

2  correct?

3          MR. TURNER:  Correct, Your Honor.

4          THE COURT:  There are no side agreements?

5          MR. TURNER:  No, Your Honor.

6          THE COURT:  Very well.  Paragraph 22 provides that

7  this gentleman is authorized to enter the Plea Agreement on

8  behalf of the company, correct?

9          MR. TURNER:  Correct, Your Honor.

10          THE COURT:  Twenty-three provides that the attorneys

11  for the United States are authorized by the Attorney General to

12  enter this Plea Agreement, correct?

13          MR. TURNER:  Correct, Your Honor.

14          THE COURT:  And Paragraph 24 provides that signatures,

15  multiple signature pages are authorized, correct?

16          MR. TURNER:  Correct.

17          THE COURT:  And the Plea Agreement has been signed by

18  whom, from the government's perspective?

19          MR. TURNER:  By me, Your Honor, Jason Turner.

20          THE COURT:  Very well.  And it's ostensibly been

21  signed by the defendant's representative and counsel, correct?

22          MR. TURNER:  Correct, Your Honor.

23          THE COURT:  Very well.  And attached to it is the

24  Board Resolution authorizing this gentleman to enter the Plea

25  Agreement, correct?

1    MR. TURNER:  Correct, Your Honor.

2    THE COURT:  Attachment A reflects the two persons not

3    under the auspices of this Plea Agreement; is that right?

4    MR. TURNER:  That's right, Your Honor.

5    THE COURT:  And that's been signed by the defendant's

6    representative and the government as well, correct?

7    MR. TURNER:  Correct, Your Honor.

8    THE COURT:  And Exhibit B talks about a tolling of the

9    statute of limitations; is that right?

10    MR. TURNER:  That's right, Your Honor.

11    THE COURT:  And then there are two agreements to that

12    effect?

13    MR. TURNER:  Three agreements, Your Honor.

14    THE COURT:  Three agreements to that effect.  And

15    they're made a part of the Plea Agreement; is that right?

16    MR. TURNER:  That's right, Your Honor.

17    THE COURT:  I think we've walked through the gist of

18    the Plea Agreement, from the government's perspective?

19    MR. TURNER:  I believe so, Your Honor.

20    THE COURT:  Thank you.

21    Mr. Cooper, let me start with you.  This written Plea

22    Agreement, everything promised or agreement you've been able to

23    negotiate on behalf of your client, it's all written down in

24    this Plea Agreement?

25    MR. COOPER:  That's correct, Your Honor.

1          THE COURT:  There are no other agreements?

2          MR. COOPER:  There are none.

3          THE COURT:  No side agreements?

4          MR. COOPER:  No side agreements.

5          THE COURT:  If I want to know what the agreement is, I

6  read this document and that's it, correct?

7          MR. COOPER:  That is it.

8          THE COURT:  Very well.  Sir, you've told me you've

9  read this Plea Agreement, correct?

10          THE INTERPRETER:  That's correct, Your Honor.

11          THE COURT:  Read it carefully?

12          THE INTERPRETER:  Yes, I did.

13          THE COURT:  More than once?

14          THE INTERPRETER:  Yes, multiple times, Your Honor.

15          THE COURT:  Discussed it thoroughly with your lawyer,

16  correct?

17          THE INTERPRETER:  That's correct, Your Honor.

18          THE COURT:  Every promise that's been made to you, if

19  you take responsibility on behalf of the company, it's all the

20  promises that are written down here, correct?

21          THE INTERPRETER:  Yes, we have agreed, Your Honor.

22          THE COURT:  There are no other promises that have been

23  made to you?  If I want to know what the deal is, I read this

24  document?

25          THE INTERPRETER:  There is nothing else, Your Honor.

1          THE COURT:  Very well.  Nobody has made a promise as

2   to what I will do, other than consider it carefully, correct?

3          THE INTERPRETER:  Nobody did, Your Honor.

4          THE COURT:  All right.  And you've talked about it

5   fully with your lawyers, right?

6          THE INTERPRETER:  Yes, I have, Your Honor.

7          THE COURT:  And you believe your lawyers are fully

8   informed about the facts and circumstances on which the charge

9   is based?

10          THE INTERPRETER:  Yes, they did, Your Honor.

11          THE COURT:  And are you fully satisfied with your

12   attorneys' advice and representation?

13          THE INTERPRETER:  Yes, I am fully satisfied, Your

14   Honor.

15          THE COURT:  Have you been subjected to any threats or

16   force of any kind which is making you plead guilty on behalf of

17   the company?

18          THE INTERPRETER:  No, I have not, Your Honor.

19          THE COURT:  So is your decision on behalf of the

20   company or, better stated, is the company's decision to plead

21   guilty its own free and voluntary act?

22          THE INTERPRETER:  Yes, that's correct, Your Honor.

23          THE COURT:  In the Plea Agreement, on pages two and

24   three and the top of four, is the statement Factual Basis for

25   Offense Charged.  I think I've already asked you about this,

1    but you've read that paragraph very carefully; is that right?

2              THE INTERPRETER:  That's right, Your Honor.

3              THE COURT:  And what's stated in Paragraph 4, is it

4    correct?

5              THE INTERPRETER:  Yes, these are correct, Your Honor.

6              THE COURT:  And so are you offering to plead guilty

7    here today on behalf of the company because the company is in

8    fact guilty?

9              THE INTERPRETER:  That's correct, Your Honor.

10             THE COURT:  In Paragraph 2 of the Plea Agreement, on

11   page two, it says that the company waives the right to file any

12   appeal.  You've read that?

13             THE INTERPRETER:  Yes, I did, Your Honor.

14             THE COURT:  You understand that if I accept the

15   proposed binding plea and enter the sentence recommended, a

16   payment of a fine of 13.5 million within 15 days of judgment,

17   you're not going to be able to appeal that decision, correct?

18             THE INTERPRETER:  Yes, that's correct, Your Honor.

19             THE COURT:  If I accept the agreement, you accept it

20   and you cannot appeal, correct?

21             THE INTERPRETER:  Yes, I do understand, Your Honor.

22             THE COURT:  Very well.  I'm required to ask.

23             MR. COOPER:  Your Honor, one point of clarification

24   just for the record.  The company does not waive the right to

25   assert ineffectiveness of counsel or prosecutorial misconduct.

1          THE COURT:  I think that's a credit to you for having

2     stated that of record.

3        You've talked about this fully with your lawyers, correct?

4          THE INTERPRETER:  Yes, that's correct, Your Honor.

5          THE COURT:  You've read the Statement of Facts and the

6     company admits the facts stated, correct?

7          THE INTERPRETER:  That's correct, Your Honor.

8          THE COURT:  The company's prepared to plead guilty

9     because it is, in fact, guilty of the offense charged, correct?

10          THE INTERPRETER:  That's correct, Your Honor.

11          THE COURT:  Very well.  In light of all I've told you

12     about the company's rights and in light of my questions, I am

13     going to ask you again for the last time:  How does the company

14     plead to the charge in the Information, guilty or not guilty?

15          THE INTERPRETER:  I plead guilty, Your Honor.

16          THE COURT:  On behalf of the company, correct?

17          THE INTERPRETER:  That's correct, Your Honor.

18          THE COURT:  Very well.  This judge has had the

19     opportunity to observe the appearance and responsiveness of the

20     gentleman representative of the company.  Based on my

21     observations and his answers as given, the court, this judge,

22     is fully satisfied that the representative of the corporation

23     and the corporation itself is, as we lawyers say, in full

24     possession of his and its faculties.  There is no apparent

25     physical or mental illness of the representative nor is he

35

1   under the influence of narcotics or alcohol.

2       He understands the proceeding in which we're engaged.  He

3   understands the nature and meaning of the charge and the

4   consequences of the company's plea of guilty.  He's aware of

5   all plea negotiations undertaken on behalf of the company.

6       The Court finds that the corporation, through its duly

7   authorized representative, is fully competent and capable of

8   entering an informed plea.  The Court further finds that the

9   plea of guilty is a knowing and voluntary plea, supported by an

10  independent basis in fact containing each of the essential

11  elements of the offense charged.

12      The Court accepts the plea of guilty and makes a finding of

13  guilty.  The Court defers momentarily its acceptance of the

14  written Plea Agreement until we establish on the record further

15  items.  The Court has accepted the plea of guilty and makes the

16  finding of guilty.

17      I believe we're prepared to proceed to sentencing.  Does

18  either side believe that there's more we need to do on the

19  acceptance of the plea?

20      From the government's perspective?

21          MR. TURNER:  No, Your Honor.

22          THE COURT:  The defense?

23          MR. COOPER:  No, Your Honor.

24          THE COURT:  Very well.  Well, as to sentencing, let me

25  take just a moment to establish the record for purposes of

1    sentencing.  The company has entered its valid plea of guilty

2    and the Court has made its finding.  As we move to sentencing,

3    the Court wishes to reflect on the record that the parties have

4    mutually waived the preparation of a Presentence Report and are

5    prepared to proceed to sentencing at this time.

6         On behalf of the government; is that true?

7              MR. TURNER:  Yes, Your Honor.

8              THE COURT:  The defense as well?

9              MR. COOPER:  Yes, Your Honor.

10             THE COURT:  Very well.  And the Court has received the

11   government's disclosure statement as well as the government's

12   sentencing memorandum.

13        In terms of factual findings for purposes of sentencing, I

14   intend to rely upon the factual findings contained in the Plea

15   Agreement itself as admitted by the corporation through its

16   representative.  I stated at the time of the plea colloquy the

17   factors I will consider in determining whether the proposed

18   sentence is sufficient, but not greater than necessary.

19        Having stated those factors, having stated the sentencing

20   facts I intend to rely upon, I wish to establish on the record

21   what the Sentencing Guidelines propose in terms of sentencing.

22   The Sentencing Guidelines are an effort by the United States

23   Congress to bring consistency, sameness, similarity to

24   sentences by federal judges across the country.  It's basically

25   a mathematical score that then gives rise to a proposed

1  penalty.

2      There are two bars -- well, the offense level for the

3  offense here, pursuant to Section 8C2.3, the base offense level

4  is 12, pursuant to Section 2R1.1(a).

5      There's a six-point add-on for the specific offense

6  characteristic based on the volume of the affected commerce

7  being estimated at 41 million.  In light of that finding, the

8  offense level adjusts to 18.

9      In terms of the base fine, it's to be the greatest of a

10  couple of permutations, pursuant to Section 8C2.4.  The offense

11  level -- with an offense level of 18, the fine would be

12  350,000.  But when one looks at 20 percent of the volume of

13  affected commerce, 20 percent times the 41 million, which is

14  substituted for pecuniary loss under Section 2R1.1 (d)(1) and

15  Section 8C2.4B, that base fine gives rise to a calculation of

16  8.1 million.

17      The culpability score will determine the multiplier of that

18  base fine.  Under Section 8C2.5, the base culpability score is

19  four.

20      Because there are 5,000 or more employees and participation

21  of high level personnel, there's four -- five points added on,

22  pursuant to 8C2.5(b)(1).

23      Nevertheless, given the full cooperation, investigation and

24  acceptance of responsibility, two points are reduced, giving us

25  an adjusted culpability score of 8.

1    The multipliers for a culpability score of 8 under Section

2  8C2.6, the minimum multiplier is 1.6.  The maximum multiplier

3  is 3.2.  Therefore, the minimum fine, using the multiplier of

4  1.6 against 8.1 million gives a minimum fine of $13.12 million.

5  The maximum fine, using the multiplier of 3.2 against

6  8.1 million, gives a maximum fine of 26.24 million.  The

7  guideline fine range, therefore, is 13.12 million to

8  26.24 million.  The recommended fine is 13.5 million, within

9  the guideline range.

10    Does the government believe that the Court has properly

11  calculated the guideline calculation?

12    MR. TURNER:  Yes, Your Honor.

13    THE COURT:  The defense as well?

14    MR. COOPER:  Yes, Your Honor.

15    THE COURT:  Very well.  So I've stated the statutory

16  factors upon which I intend to rely.  I should point out that

17  I'm going to look at 18 U.S.C. 3752 as to the factors to be

18  considered as to imposition of a fine.

19    Having stated the statutory factors upon which I intend to

20  rely, I should also note that pursuant to Section 8D1.1, as to

21  whether probation is required, I've looked at those statutory

22  factors as well and understand that there's a recommendation

23  that there be no probation.

24    I've stated the statutory factors upon which I intend to

25  rely, the sentencing facts as well.  I've articulated the

1    guideline calculation, and I believe we're prepared to move to

2    allocution where the lawyers would have an opportunity to argue

3    to the Court whether the Court should accept the proposed

4    binding Plea Agreement.

5        And I would, during allocution, if the representative

6    wishes to be heard, hear a statement from him on behalf of the

7    corporation.  He's not required to make a statement.  I think

8    I'm required to ask.

9        But as a threshold matter, does the government agree that

10   we've established the record for sentencing and we're prepared

11   to move to allocution?  Have I overlooked anything?

12              MR. TURNER:  Your Honor, the government agrees.  I

13   don't believe you've overlooked anything.

14              THE COURT:  Very well.  The defense?

15              MR. COOPER:  I agree.  You were very thorough, Your

16   Honor.

17              THE COURT:  Very well.  Well, I'm prepared to hear

18   final argument on whether I should accept the proposed binding

19   Plea Agreement.  I would ask to hear from the government first,

20   once and only once, so as to clear the decks so I can focus

21   fully and entirely on the defense as the final statement before

22   I determine whether to accept the proposed binding Plea

23   Agreement.

24       Does the government wish to be heard at this time in

25   allocution?

1     MR. TURNER:  Yes, Your Honor.  Very briefly.

2     THE COURT:  I would interrupt you to indicate that

3 your sentencing memorandum was awesome, concise, on point, of

4 enormous help.  I don't get a chance to say that locally, so I

5 wanted to say it today.

6     MR. TURNER:  Thank you, Your Honor.  I don't get a

7 chance to hear that very often so --

8     THE COURT:  Very well.  Welcome to the heartland of

9 America.

10     MR. TURNER:  All right.  Well, very briefly, Your

11 Honor.  Price fixing of the sort alleged in this case is a very

12 serious crime.  It's serious because it strikes at the very

13 heart of the American economy and that is competition.  It is

14 competition that made this country great, and it is conduct

15 such as involved here that threatens that greatness.  And the

16 seriousness of this crime has been recognized by Congress, by

17 the Sentencing Commission, and by the courts over and over.

18   And in conclusion, the government believes that a fine of

19 $13.5 million is entirely justified and sufficient to make the

20 point but not too high to --

21     THE COURT:  Sufficient, but not greater than

22 necessary?

23     MR. TURNER:  Correct, Your Honor.

24     THE COURT:  Very well.  Thank you.

25   Defense wish to be heard?

1      MR. COOPER:  Yes, Your Honor.  I will allocute and

2 then Mr. Katogi will make a statement about the company's views

3 of this matter.

4      THE COURT:  Very well.

5      MR. COOPER:  The company, of course, has taken this

6 matter very seriously, has invested literally millions of

7 dollars in the investigation in rooting out of the conduct

8 that's at issue, and providing extensive cooperation to the

9 government in its investigation.

10     This matter, as evidenced by Mr. Katogi and Mr. Kanzaki

11 Keitaro from Japan to be before the Court, this matter has

12 taken a tremendous amount of time and attention at the very

13 highest levels of Minebea and its U.S. subsidiaries.

14     We agree with the United States that the recommended

15 sentence is a reasonable sentence that is appropriately

16 punitive, without being unduly so, and recognizes the

17 seriousness of the conduct.  It affords an early resolution of

18 this case without the litigation of myriad, complex legal

19 issues, and we join the government in recommending that the

20 Court accept the sentence, the fine, no restitution and no

21 probation.

22     The fine represents 32 percent, a little more than

23 32 percent of the volume of affected commerce here, so that is

24 a huge financial penalty for this company.  And it certainly

25 exacts an appropriate measure of punishment.  It deters this

1    company and future companies from engaging in this type of

2    conduct.

3        And, of course, there's deterrence for individuals who

4    are -- we have two employees at this company who remain

5    potentially subject to prosecution.

6        The government has said in its sentencing memo that the

7    company has cooperated fully with its investigation, turning

8    over thousands, if not millions, of pages of material,

9    interviewing witnesses and making presentations to them.

10       Mr. Katogi will speak a bit more to this next issue, but

11    the Court, in making its decision about future supervision or

12    probation, should understand that the company has invested

13    enormous resources in its development of a more robust

14    compliance program, making it clear from the top down that

15    cartel communications are not permitted, really changing the

16    culture of the company such that this sort of thing will not

17    happen in the future.

18       And in that regard, the company is engaged with the

19    services in Japan of NO&T, a competition law firm in Japan and

20    in the world, that, gosh, you know, Minebea had to develop

21    training and compliance programs.

22       So for all of these reasons, we believe that this is an

23    appropriate sentence.  Mr. Katogi will speak to the seriousness

24    with which the company has viewed this matter, and we would

25    urge the Court to impose that sentence.

1          THE COURT:  Very well.  Thank you.

2          THE DEFENDANT:  On behalf of Minebea Company, Limited,

3   let me state how sincerely we regret the conduct that has led

4   to today's proceedings.  The company has taken this matter very

5   seriously, as requested by the substantial punishment

6   recommended in the Plea Agreement.

7       In response to these investigations, we have ensured that

8   all employees be trained and made to understand that cartel

9   activity is strictly prohib -- sorry, prohibited.  In this

10  regard, the company has implemented a rigorous compliance

11  program that includes the periodic training of all sales

12  personnel and creation of a revised manual available to all

13  employees.  This manual includes sections on Japanese and U.S.

14  antitrust laws.

15      The company has also established a new policy regarding

16  competitor communications, in conjunction with preeminent

17  Japanese competition lawyers.  Under the new policy, all

18  competitor contacts must be reported through a competition laws

19  compliance database.

20      After a competitor contact, the employee must submit a

21  report about such contact.  The policy expressly forbids

22  discussion of certain types of information during such

23  contacts.

24      As noted, Minebea has also implemented periodic training

25  programs to inform employees about these new policies and teach

44

1    them about Japanese and U.S. competition law.  All personnel

2    involved in sales will receive antitrust training periodically

3    by Minebea's legal department.

4        The conduct that has led to the company's guilty plea

5    occurred before Minebea's newest compliance efforts.  We

6    believe these extensive compliance measures will enable us to

7    avoid repeating the type of conduct that has resulted in

8    today's proceedings, and we will work diligently to remain a

9    compliant company going forward.

10        Finally, I would also like to note for the Court that upon

11   learning of the relevant conduct, Minebea cooperated fully,

12   extensively, and voluntarily with the government's

13   investigation.  This cooperation is described in the

14   government's sentencing memorandum.

15        We sincerely apologize to the Court and all parties

16   concerned for this violation of law, and we are working

17   directly to ensure Minebea remains compliant going forward.

18        Thank you.

19            THE COURT:  Thank you.  I want to tell you that your

20   statement is a credit to you and your company.  Do you

21   understand me?  I thought it was a good statement.

22        If the interpreter would assist.

23        (The interpreter and defendant conferred.)

24            THE COURT:  The company's conduct which brings it

25   before this court is not a credit to it.  But your statement

45

1    and the actions of your company, in cooperating fully and

2    taking full responsibility, is, indeed, a credit to you and

3    your company.

4              THE DEFENDANT:  Yes.

5              THE COURT:  Thank you, sir.  You may step down, if you

6    wish.

7         Further mitigation, Counsel?

8              MR. COOPER:  Let me also speak to the issue of

9    restitution.  There are civil remedies available that provide

10   for treble damages.  And figuring out who is a victim and what

11   the damages are would involve this court in months, if not

12   years, of litigation over those issues.  So we would also

13   submit that it's appropriate not to impose a restitution order

14   and let that process play itself out.

15             THE COURT:  Very well.  Thank you, Counsel.

16        I've listened carefully and spent quite a bit of time

17   reviewing the paperwork and preparing.  I find, without

18   hesitation, that the proposed Plea Agreement presents a

19   sentence which is sufficient, but not greater than necessary.

20   I accept the proposed Plea Agreement and will sentence pursuant

21   to it.

22        I reached the decision to accept the proposed Plea

23   Agreement, having conducted an independent analysis of the

24   statutory factors.  The nature and circumstances of the

25   offense, whether it be in Japan or in the United States or in

1  any country, the conduct which occurred here is an absolute

2  insult to the honesty and the integrity of the free market

3  system.  It's a serious offense for which there is, indeed, a

4  serious penalty.

5      As to the history and character of the company, I am

6  enormously pleased and relieved and impressed that the company

7  has instituted a more robust compliance program, and I, in

8  light of that, I find comfort in the proposed binding Plea

9  Agreement.

10      This is not a company that's a rogue.  It's a company where

11  something untoward occurred, for which management has taken

12  full responsibility and now seeks to do the right thing.

13      As to the kinds of sentences available, well, pursuant to

14  statute, it really comes down to determining an appropriate

15  fine.  And I find comfort in the United States Sentencing

16  Guidelines in this case because they provide a centering,

17  establish a range.  And now, when we look at the range, there

18  is nothing that aggravates this, that pushes us toward the top

19  end or beyond the guidelines but, rather, a full taking of

20  responsibility, a full exercise of cooperation, all of which

21  compels the Court to move to the lowest end of the guideline

22  sentence.

23      This imposition of a $13.5 million fine is not going to

24  establish unwarranted sentencing disparities.

25      As to the need to provide restitution, I've thought it

1   through carefully.  The provision of civil remedies with treble

2   damages is an adequate way for victims to seek their own

3   recovery.  I'm comfortable finding that, here, that restitution

4   is not appropriate.  It's not mandatory.  It's not appropriate

5   here, given the civil remedies and the company's posture.

6       So you look at the nature of the offense, it's a serious

7   crime.  You look at the history and character of the company,

8   and it's taken full responsibility and is cooperating entirely.

9       In terms of the needs of the public and the victims of the

10   crime, the civil justice system will protect the victims.  The

11   needs of the public, the public needs to know and every

12   business person in them, the world needs to know that this

13   conduct is unacceptable and will result in enormous financial

14   penalty.

15       Accordingly, the Court finds comfort and accepts the

16   proposed binding Plea Agreement.  It is, therefore, the

17   intention of the Court to sentence the company as follows:

18       The Court imposes a sentence requiring the defendant to pay

19   to the United States a criminal fine of $13.5 million, payable

20   in full before the 15th day after the date of judgment.  The

21   Court declines to enforce an order of restitution.  There are

22   no aggravating circumstances which would suggest a need to

23   impose that.  It's not required.

24       The Court has looked at the statutory factors relating to

25   probation and finds that probation is not called for.

1     The Court orders that the company pay the $400 special

2  assessment required by law.

3     The Court has stated the gist of its intended sentence.

4  Before I docket it, as a matter of law, as a judgment, I'm

5  required to pause and ask if there are any procedural or

6  substantive objections or concerns before I docket judgment.

7     Are there, from the government?

8          MR. TURNER:  No objections or concerns, Your Honor.

9          THE COURT:  From the defense?

10          MR. COOPER:  No, Your Honor.

11          THE COURT:  The Court's previously articulated

12  sentence shall be reduced to judgment and docketed as a matter

13  of law.  The company shall pay the 13.5 million within 15 days

14  of entry of judgment, the $400 special assessment as well.  No

15  order of restitution.  No order of probation.

16     It is the Court's full expectation that the company will

17  learn from this unfortunate experience, move on, live lawfully,

18  do productive things and remain a friend of this country.

19     The Court has acted.  You may have the ability -- the

20  company may have the ability to appeal various aspects.  I

21  think it's been waived in the Plea Agreement.  But if you

22  choose to appeal anything, you need to do so within 14 days of

23  entry of judgment by filing a Notice of Appeal in this court.

24  I'm required to tell all defendants that.

25     I direct counsel to assist in the preparation of a Notice

1    of Appeal and timely filing if that's the company's choice.  On

2    the other hand, I've listened carefully.  I've sentenced the

3    company as the lawyers mutually agree, and it is my fond hope

4    that the company will move on and do productive things.

5        I find comfort in the sentence.  I think it's sufficient,

6    but not greater than necessary.  I wish you the best and your

7    company the best as life goes forward.

8        The Court is prepared to recess, unless I've overlooked

9    anything or if there are other matters to bring to my

10   attention.  If I've overlooked something, I want you to tell me

11   now.

12       Is there anything more on this, from the government's

13   perspective?

14           MR. TURNER:  There's only the waiver of Indictment

15   form, Your Honor.  I don't know if that's been signed.

16           THE COURT:  Very well.  Mr. Cooper, you've talked to

17   your client about the fact that he's simply going to proceed on

18   the Information and waive his right to send this to the grand

19   jury for potential indictment?

20           MR. COOPER:  Yes, Your Honor.

21           THE COURT:  We have a Waiver of Indictment form, if

22   you would be willing to review it with your client and have him

23   sign it.  I think I probably have to have a colloquy with him

24   after you're through.

25           MR. COOPER:  Your Honor, we have seen a copy of this

1  from the government this morning.  My client has reviewed it

2  and he's prepared to sign.

3          THE COURT:  Now, sir, a little more lawyer talk.

4  You've just signed a document that says that we don't need to

5  send this to the grand jury to decide whether ordinary citizens

6  wish to indict the corporation.  You're simply prepared to

7  proceed on the charging instrument today, and you're

8  comfortable with that; is that right?

9          THE INTERPRETER:  Yes, Your Honor.

10          THE COURT:  Very well.  I'll sign it as well.  We'll

11  docket it.

12      I hate to compliment the prosecutor twice, but when I ask

13  people whether I've overlooked anything, they're too

14  intimidated to tell me.  Thank you for speaking up as to the

15  waiver of Indictment.  Apparently I'm not scary enough to you

16  because you don't see me regularly.

17      Have I overlooked anything else?

18          MR. TURNER:  Well, not anything you've overlooked,

19  Your Honor, but one housekeeping matter.  Currently the entire

20  Plea Agreement is under seal.  The government moves now to

21  unseal it except for Exhibit A, which contains the names of the

22  two individuals who are removed from the protection of the Plea

23  Agreement.  We ask that that remain sealed and the rest be

24  unsealed.

25          THE COURT:  Defense comfortable with the motion?

1        MR. COOPER:  We are, Your Honor.

2        THE COURT:  Granted.  You're on a roll.  Have I

3  overlooked anything else or is there more, what you call,

4  housekeeping?

5        MR. TURNER:  Not that I can think of, Your Honor.

6        THE COURT:  Very well.  More on this today, Counsel?

7        MR. COOPER:  Nothing, Your Honor.  Apparently we are

8  intimidated by the Court.

9        THE COURT:  Well, you managed to offend me by

10  suggesting that I was overly thorough.

11     We laughed, and appropriately so.  But, sir, I want to

12  express to you my respect and admiration for you, as an

13  individual, and for your company, as a company, for having

14  taken full responsibility.

15     We reap what we sew.  There are dues to be paid.  You're

16  prepared to do that.  I want you to do it, put it behind you,

17  and get on with productive lawful things.

18     Understood?

19        THE DEFENDANT:  (Bowing.)

20        THE INTERPRETER:  Thank you very much, Your Honor.

21        THE COURT:  Very well.  God speed.

22     Court recesses.

23        THE COURTROOM DEPUTY:  All rise.

24     (The proceedings concluded at 11:16 a.m.)

25                         - - -

1          C E R T I F I C A T E

2          I, Jodie D. Perkins, RMR, CRR, the undersigned,

3     certify that the foregoing is a correct transcript from the

4     record of proceedings in the above-entitled matter.

5

6                              s/Jodie D. Perkins
                               Jodie D. Perkins, RMR, CRR
7                              Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25